# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EILEEN PROVOST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-326-RAW-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Eileen Provost (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 5, 1950 and was 63 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade. Claimant has no past relevant work. Claimant alleges an inability to work beginning March 1, 2012 due to limitations resulting from chronic obstructive pulmonary disease

("COPD").

**Procedural History**

On August 6, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On the same date, Claimant also filed a Title II application for disabled widow's benefits. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Doug Gabbard, II ("ALJ") on April 17, 2014 by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. The ALJ issued an unfavorable decision on July 1, 2014. On July 31, 2015, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant did not suffer from a severe impairment.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) his credibility determination; (2) his step two analysis; and (3)

failing to fully develop the record.

**Step Two Analysis**

In his decision, the ALJ determined Claimant suffered from the medically determinable impairments of COPD, anxiety disorder, hypertension, shortness of breath, and shaking of the left hand. (Tr. 14). He concluded that none of these conditions significantly limited Claimant's ability to perform basic work related activities for 12 consecutive months. Id.

Because the step two finding is determinative, this Court will address Claimant's contentions out of the order in which they are presented in the briefing. Claimant asserts the ALJ erred at step two in finding no severe impairment in her ability to breathe effectively. On March 26, 2012, Claimant was attended by Dr. Shane Ashford. Dr. Ashford noted Claimant had a chronic cough and dyspnea but was negative for recent cough or frequent wheezing. He also recorded that Claimant smoked a pack of cigarettes per day. (Tr. 214). Claimant also demonstrated coarse breath sounds throughout. Dr. Ashford prescribed Ventolin HFA (Albuterol) in an oral inhaler. (Tr. 215). He recommended cessation of smoking, increased oral fluid intake, and use of the Albuterol inhaler before exercise. (Tr. 216).

On June 22, 2012, Claimant was found to have chronic

bronchitis, with congestion and a chronic cough. Dr. Ashford found Claimant to have "**coarse breath sounds throughout**." (Tr. 212)(emphasis in original). On July 31, 2012, Dr. Nancy Merritt found Claimant's "lungs clear to auscultation and percussion; symmetric expansion; no dyspnea." She also determined Claimant's oxygen saturation to be 99%. (Tr. 210).

On October 5, 2012, Claimant underwent a consultative examination with Dr. Wojciech L. Dulowski. In examining Claimant's respiratory status, Dr. Dulowski found Claimant had vesicular breath sounds with no wheezing or rhonchi. (Tr. 185). He diagnosed Claimant with COPD with 99% saturation on room air. He also diagnosed Claimant with general anxiety disorder. (Tr. 186).

On November 2, 2012, Dr. Merritt again acknowledged a diagnosis of COPD, finding "[t]his was diagnosed several years ago. The course has been stable and nonprogressive. It is of moderate intensity." She also noted the symptoms of the condition were relieved with medication, although Claimant was currently off of Spiriva. (Tr. 207). Dr. Merritt also found after examination that Claimant had a "normal respiration rate and pattern with no distress; **diffuse expiratory wheezes**." (Tr. 208)(emphasis in original). She assessed Claimant with chronic bronchitis, obstructive, without exacerbation. Id.

6

On November 15, 2012, Dr. Suzanne Roberts reviewed Claimant's records in evaluating Claimant's claim for benefits. She concluded Claimant's medically determinable impairment of COPD "appear[ed] to be well-controlled on medication and is not severely limiting at this time." (Tr. 48).

On February 26, 2013, Dr. Merritt diagnosed Claimant with "[c]hronic bronchitis, obstructive, without exacerbation COPD." (Tr. 203). The same record, however, also indicates upon examination of her respiratory system that Claimant exhibited "normal appearance and symmetric expansion of chest wall; normal respiratory rate and pattern with no distress; no wheezing, prolonged exp phase." Id.

On February 25, 2013, Dr. John Pataki evaluated Claimant's records. He also concluded Claimant's condition was well-controlled on medication and was not severely limiting. (Tr. 57). On February 14, 2013, Dr. Paul Cherry evaluated Claimant's records for a mental impairment and found no severe impairment. (Tr. 58).

On July 25, 2013, Dr. Merritt evaluated Claimant's respiratory functioning in stating "normal appearance and symmetric expansion of chest wall; normal respiratory rate and pattern with no distress; no wheezing, prolonged exp phase." He also found Claimant's oxygen saturation at 100% with room air. (Tr. 233).

7

On September 30, 2013, Claimant's respiratory functioning remained normal. Dr. Merritt again noted oxygen saturation at 100% with room air. (Tr. 230). Similar findings were made in an examination by Dr. Merritt on March 26, 2014. (Tr. 227-28).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

8

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
>
> 42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

The medical evidence does not support a finding of severe impairment at step two arising from Claimant's pulmonary functioning. Claimant relies exclusively upon her own testimony of limitation to support a finding of severity. She testified of

9

difficulties in lifting, walking, and with dizzy spells. (Tr. 32-40). This testimony alone is not sufficient to support a finding of severity. The objective medical evidence must support such a finding and it simply does not in this case. The ALJ did not err in his finding of non-severity at step two.

**Credibility Determination**

Claimant next contends the ALJ erroneously discounted her credibility. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on

his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's analysis of Claimant's testimony and the lack of support for the level of limitation to which she testified in the record is supported by substantial evidence. No error is attributed to this analysis.

## Duty to Develop the Record

Claimant also makes a non-specific objection to the ALJ's failure to develop the record. Claimant does not identify the deficiency in the record which would give rise to further development. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th

11

Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The medical record was sufficiently developed for the ALJ to reach the conclusion of non-severity of Claimant's impairment. Claimant fails to identify any indication in the record which would implicate the ALJ's duty to further develop the record as it stood. No error is attributed to the ALJ's actions in this regard.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of July, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE